Larry M. BROWN, Plaintiff–Appellant,

v.

HOUSING AUTHORITY OF CALVERT COUNTY; Spike W. Parrish, individually and in his official capacity as Vice Chairperson of the Housing Authority of Calvert County's Board of Commissioners and as Acting Executive Director of the Housing Authority of Calvert County; Judith T. McManus, individually and in her official capacity as Chairperson of the Housing Authority of Calvert County's Board of Commissioners; Aniachi C. Belu–John, Reverand, individually and in his official capacity as a member of the Housing Authority of Calvert County's Board of Commissioners; Joseph P. Danahy, individually and in his official capacity as a member of the Housing Authority of Calvert County's Board of Commissioners; Patricia A. Starliper, individually and in her official capacity as a member of the Housing Authority of Calvert County's Board of Commissioners; the Office of the Executive Director, of the Housing Authority of Calvert

**340**

County; Diane Herrman, individually and in her Official Capacity as Supervisor of Mr. Larry Brown, Defendants–Appellees.

No. 01–2046.

United States Court of Appeals, Fourth Circuit.

Submitted Jan. 25, 2002.

Decided Feb. 7, 2002.

H. Vincent McKnight, Jr., Ashcraft & Gerel, L.L.P., Washington, D.C., for Appellant. Shirlie Norris Lake, R. Scott Krause, Eccleston & Wolf, P.C., Baltimore, Maryland, for Appellees.

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

### OPINION

PER CURIAM.

Larry M. Brown appeals from the grant of summary judgment to the defendants in his civil action in which he alleged racial discrimination claims against his former employer, the Housing Authority of Calvert County, supervisor Diane Herrmann, and Housing Authority Board of Commissioner members Spike Parrish, Judith McManus, Aniachi Belu John, Joseph Danahy, Patricia Starliper and Margaret Reilly. Brown also alleged claims of hostile work environment and discriminatory discharge arising under 42 U.S.C.A. §§ 1981, 1983 (West Supp.2001) and the Maryland Constitution.

The district court dismissed his claims brought under § 1983 because he failed to file a Title VII action within ninety days of receiving a right-to-sue letter. Brown does not challenge this ruling on appeal. The district court granted summary judgment in favor of Appellees on Brown's claims arising under § 1981. On appeal, Brown argues the district court erred in granting summary judgment on these claims.

We review a grant of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir.1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). We view the evidence in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

We have reviewed the parties' briefs and joint appendix and the district court's order and find no reversible error. Accordingly, we affirm on the reasoning of the district court. *See Brown v. Housing Auth. of Calvert County*, 150 F.Supp.2d 856 (D.Md. 2001). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*